UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:

Cresentina H. Woods,                                    Case No. 05-53308
                                                        Chapter 13
                        Debtor.                         Hon. Phillip J. Shefferly

_____/

**ORDER SUPPLEMENTING BENCH RULING SUSTAINING
TRUSTEE'S OBJECTION TO FIRST APPLICATION
FOR APPROVAL OF POST CONFIRMATION ATTORNEY FEES**

On August 19, 2008, the Debtor's attorney filed a first application for post conformation

attorney fees. On September 5, 2008, the Chapter 13 Trustee filed an objection. On October 7,

2008, the Court held a hearing with respect to the first application and the objection. At the

conclusion of the hearing, the Court sustained the Trustee's objection and disallowed 50% of the

attorney fees sought in the first application. In rendering its bench ruling, the Court emphasized that

it could not conclude from the examination of the time entries in the first application that the

services rendered by Debtor's counsel were necessary to the administration of this Chapter 13 case

or beneficial to the Debtor's estate or to the Debtor at the time that the services were rendered. This

order is being entered to supplement the Court's ruling.

Section 330(a)(1)(A) provides that the Court may award "reasonable compensation for

actual, necessary services rendered by . . . [a] professional person, or attorney and by any

paraprofessional person employed by any such person . . . ." The Sixth Circuit Court of Appeals has

directed that bankruptcy courts should use the lodestar method in determining reasonable attorney

fees under § 330(a) of the Bankruptcy Code. Boddy v. United States Bankruptcy Court (In re

<u>Boddy</u>), 950 F.2d 334, 337 (6th Cir. 1991).

> The starting point in the lodestar analysis is to determine a reasonable hourly rate. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The next step in the analysis is to determine the lawyer's reasonable hours. If the court disallows hours, it must explain which hours are disallowed and show why an award of these hours would be improper.

<u>In re Williams</u>, 357 B.R. 434, 438-39 (B.A.P. 6th Cir. 2007) (citations omitted).

"The burden of proof is on the professional requesting compensation for his or her services from the bankruptcy estate." <u>In re Sharp</u>, 367 B.R. 582, 585 (Bankr. E.D. Mich. 2007) (citing <u>In re New Boston Coke Corp.</u>, 299 B.R. 432 (Bankr. E.D. Mich. 2003)). "This burden is not to be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors or use by debtor." <u>In re Pettibone Corp.</u>, 74 B.R. 293, 299 (Bankr. N.D. Ill. 1987) (citation omitted). "While the burden is on the applicant to justify a fee request, the bankruptcy court must expressly discuss the amounts that are not supported by the application and provide a reasoning to support the court's decision. "<u>In re Williams</u>, 357 B.R. at 439 (internal quotation marks and citation omitted). "Regardless whether objections are raised to the application seeking compensation from the bankruptcy estate, the Court has a duty to independently examine the reasonableness of the requested fees." <u>In re J.F. Wagner's Sons Co.</u>, 135 B.R. 264, 266 (Bankr. W.D. Ky. 1991).

In determining the amount of reasonable compensation to be awarded, § 330(a)(3) sets forth a number of non-exclusive factors for the Court to consider:

> [T]he court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

-2-

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

Although the Court did not specifically address each of the factors set forth in § 330(a)(3) in making its ruling from the bench, the Court did consider each of those factors and also considered the lodestar approach. The Court also considered each of the objections filed by the Chapter 13 Trustee although, as noted, the Court emphasized in its ruling that the services did not appear to be either necessary to the administration or this case of beneficial to the Debtor or the Debtor's estate. There are two specific points that also need to be made in this regard. First, all but one of the time entries set forth in the first application consist of a service described as "reviewed." There was no showing as to how these multiple reviews were necessary to the case or that they benefitted the

-3-

estate or the Debtor.  Second, the Trustee noted that this Chapter 13 case is currently running long, rendering it very unlikely that the Debtor's Chapter 13 case will proceed to a discharge.  The award of any fees only exacerbates that problem and makes it more likely that the Debtor's case will be dismissed prior to completion of the plan unless a Chapter 13 plan modification is proposed.  The time entries set forth in the first application reflect that Debtor's counsel learned of a change in the Debtor's mortgage payment as early as March 15, 2006 which caused the plan to run long.  There are no time entries that show that the Debtor's attorney even discussed this problem with the Debtor let alone discussed the preparation and filing of a plan modification to address it.  The point here is that it is difficult enough to discern a benefit to the estate and to the Debtor when the only description of the services consists of "reviewed" a paper.  But when the review reveals information that will cause the Debtor's plan to run long and there is no time entry to show that such information was even  discussed with the Debtor let alone acted upon by the Debtor's counsel, it is virtually impossible to see that the service was either necessary to the administration of the case or that it provided a benefit to the Debtor's estate or to the Debtor.

In reducing the Debtor's attorney's fees by 50% at the hearing on October 7, 2008, the Court took into consideration each of the factors set forth in § 330(a)(3) as well as the lodestar approach. The primary basis for reducing the applicant's fees was the applicant's failure to demonstrate that the services described were either necessary to the administration of the estate or beneficial to the Debtor or the Debtor's estate at the time such services were rendered.  By emphasizing that factor,

-4-

however, that is not to say that the Court did not consider each of the other factors in arriving at its decision. All of those factors were considered. Accordingly, for the reasons set forth on the record in open court on October 7, 2008, all of which are incorporated in this order, as well as the reasons set forth in this order,

IT IS HEREBY ORDERED that the Trustee's objection to the Debtor's attorney's first application for post confirmation fees is sustained, and 50% of the requested fees are disallowed.

.

**Signed on October 09, 2008**

                                                    **/s/ Phillip J. Shefferly**
                                                **Phillip J. Shefferly**
                                                **United States Bankruptcy Judge**

-5-